**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **BLUE OCEAN INTERNATIONAL BANK LLC**<br><br>Demandante,<br><br>v.<br><br>**GOLDEN EAGLE CAPITAL ADVISORS, INC.**<br>Demandado | CIVIL NÚM. _______________<br><br>SOBRE: INCUMPLIMIENTO DE CONTRATO, COBRO DE DINERO Y PAGO DE LO INDEBIDO, INCUMPLIMIENTO DE DEBER FIDUCIARIO Y NEGLIGENCIA |

**DEMANDA**

AL HONORABLE TRIBUNAL:

COMPARECE la parte demandante, Blue Ocean International Bank, LLC ("Blue Ocean"), por conducto de su representación legal que suscribe y muy respetuosamente alega, expone y solicita:

## I. LAS PARTES

1. La parte demandante Blue Ocean es una entidad financiera internacional organizada bajo las leyes del Gobierno de Puerto Rico, con Registro Número 378208; con dirección física y postal: Popular Center, Suite 1020, Avenida Ponce de León 208, Hato Rey, San Juan, Puerto Rico 00918, y teléfono (787) 523-6378.

2. La parte demandada Golden Eagle Capital Advisors, Inc. ("Golden Eagle") es una corporación organizada bajo las leyes del estado de Nueva York, con Registro Número 4615170, y con Maurizio Manzati como su principal oficial ejecutivo; con dirección física y postal: 747 Third Avenue, 2nd Floor, New York, New York, 10017; con Registered Agents Inc. como Agente Residente, con dirección física y postal: 90 State Street Ste 700, Office 40, Albany, New York 12207, según consta en el Departamento de Estado de Nueva York.

## II. LOS HECHOS

3. Blue Ocean es una entidad financiera internacional que está registrada y regulada por la Oficina del Comisionado de

Instituciones Financiaras y sujeta a las disposiciones de la Ley Núm. 52 de 11 de agosto de 1989, según enmendada, conocida como la "Ley Reguladora del Centro Bancario Internacional", 7 L.P.R.A. §§ 232 *et seq.*

4. Golden Eagle es un asesor de inversiones que está registrado y regulado por la *U.S. Securities and Exchange Commission* ("SEC", por sus siglas en inglés) y sujeto a las disposiciones del *Investment Advisors Act of 1940* ("IAA"), 15 U.S.C. §§ *et seq.*, y las reglas adoptadas por la SEC.

5. De acuerdo a la Sección 206 del IAA, un asesor de inversiones es considerado un fiduciario, por lo que tiene un deber de lealtad y buena fe hacia sus clientes y el deber de tomar el cuidado razonable para evitar inducir a sus clientes a error. 15 U.S.C. § 80b-6; Sec. & Exch. Comm'n v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 194 (1963).

6. Desde alrededor del 2017, Blue Ocean ha utilizado los servicios de Golden Eagle como asesor de inversiones.

7. Blue Ocean y Golden Eagle pactaron un acuerdo contractual mediante el cual acordaron los cargos a ser cobrados por Golden Eagle a Blue Ocean por ciertas transacciones y servicios provistos por Golden Eagle como asesor de inversiones.

8. Como cliente de Golden Eagle, Blue Ocean depositaba los activos de ciertos clientes de Blue Ocean en una cuenta a nombre de dicha entidad en Golden Eagle. Acorde con sus funciones como asesor de inversiones, Golden Eagle a su vez escogía una entidad para que fungiera de custodio cualificado y corredor de valores ("el custodio cualificado") de los activos de Blue Ocean. Golden Eagle entonces transfería los activos de Blue Ocean a una cuenta a nombre de dicha entidad en el custodio cualificado seleccionado por Golden Eagle, el cual ejecutaba las transacciones de inversión solicitadas por Golden Eagle a nombre de Blue Ocean.

9. Como parte de su rol como asesor de inversiones, Golden Eagle en todo momento debía seguir las instrucciones de Blue Ocean, la cual mantenía el pleno control sobre sus activos y regularmente le solicitaba a Golden Eagle que ejecutara transferencias y retiros de sus activos.

10. En o alrededor de abril de 2017, Golden Eagle comenzó a requerir cierta información de parte de Blue Ocean, incluyendo información confidencial de sus clientes, para ejecutar transacciones solicitadas por Blue Ocean. Estas transacciones incluían transferencias de activos entre la cuenta de Blue Ocean y las cuentas de los clientes de Blue Ocean en otras entidades financieras que antes se habían ejecutado sin solicitar información adicional alguna.

11. Según Golden Eagle, el custodio cualificado estaba requiriendo la información solicitada como condición para ejecutar las transacciones en cuestión. Como parte de su debida diligencia, Blue Ocean le pidió a Golden Eagle que le proveyera copia de las comunicaciones entre ésta y el custodio cualificado. A pesar de los reiterados pedidos de Blue Ocean, Golden Eagle se rehusó a proveer dichas comunicaciones.

12. Blue Ocean le pidió además a Golden Eagle que le proveyera copias de los estados de cuenta pertenecientes a la cuenta a nombre de Blue Ocean en el custodio cualificado. En las pocas ocasiones que Golden Eagle accedió a proveer esta documentación, solo proveyó una captura de la pantalla ("*screenshot*", según el término en inglés) de cierta información de los estados de cuenta. Golden Eagle nunca le envió a Blue Ocean copia de los estados de cuenta en su totalidad.

13. Aun cuando Golden Eagle estaba actuando sin buena fe, Blue Ocean le proveyó a dicha entidad toda la información solicitada que podía proveer en cumplimiento con las reglas y reglamentos aplicables y su deber de confidencialidad hacia sus

clientes. No obstante, Golden Eagle se negó a ejecutar las transacciones solicitadas.

14. Al negarse a ejecutar las transacciones solicitadas por Blue Ocean, incluyendo transferencias entre cuentas y/o entidades financieras, desde por lo menos el 1 de mayo de 2017, Golden Eagle para todos los efectos congeló los activos de Blue Ocean manejados por Golden Eagle, los cuales en ese momento ascendían de la cantidad de $25 millones.

15. Durante más de un año, Blue Ocean contactó a Golden Eagle en numerosas ocasiones solicitando que se descongelaran o le devolviera la totalidad de sus activos.

16. El 8 de agosto de 2018, Golden Eagle finalmente le devolvió a Blue Ocean los activos en su cuenta.

17. Durante el periodo en que Golden Eagle congeló los activos de Blue Ocean, dicha entidad hizo una serie de cargos indebidos a Blue Ocean. Blue Ocean pagó erróneamente e involuntariamente por estos cargos ya que fueron retirados automáticamente por Golden Eagle de la cuenta de Blue Ocean.

18. A saber, durante el periodo que Golden Eagle congeló los activos de Blue Ocean, Golden Eagle perdió el derecho de cobrar a Blue Ocean los cargos relacionados al manejo de sus activos. Por tanto, Golden Eagle le adeuda a Blue Ocean todos los cargos cobrados indebidamente a Blue Ocean entre el 1 de mayo de 2017 y el 8 de agosto de 2018. Estos cargos indebidos suman a la cantidad de $55,207.00. Véase Exhibit 1.

19. Igualmente, al congelar los activos de Blue Ocean, Golden Eagle perdió el derecho de cobrar cargos anuales ("*annual fee charges*", según el término en inglés), incluyendo el cargo anual mínimo ("*minimum annual account fee*") de $45,000, por el periodo entre, a más tardar, el 1 de mayo de 2017 hasta el 31 de diciembre de 2018. Este periodo es correspondiente al tiempo por año calendario por el cual Golden Eagle pretende cobrar cargos anuales.

Esto, a pesar de que Golden Eagle le devolvió a Blue Ocean sus activos el 8 de agosto de 2018. Por tanto, Golden Eagle le adeuda a Blue Ocean todos los cargos anuales cobrados indebidamente a Blue Ocean relacionados al periodo entre, a más tardar, el 1 de mayo de 2017 y el 31 de diciembre de 2018. Estos cargos indebidos suman, como mínimo, a la cantidad de $45,981.44. Véase Exhibit 2.

20. Aun si Golden Eagle pudiera cobrar cargos anuales luego de haber congelado los activos de Blue Ocean (lo cual se niega), dichos cargos deberían ser proporcionales al número de días en el periodo (a más tardar, el 1 de mayo de 2018 hasta el 31 de diciembre de 2018).

21. Golden Eagle además cobró incorrectamente una serie de cargos por transferencias bancarias ("wire transfers", según el término en inglés) alegando que eran retiros de efectivo. Por cada transferencia bancaria, Golden Eagle cobró miles de dólares en cargos. Estos cargos fueron en violación del acuerdo contractual entre Blue Ocean y Golden Eagle, el cual establecía que transferencia bancarias internacionales conllevaban un cargo de $35.00. Por tanto, Golden Eagle le adeuda a Blue Ocean todos los cargos por transferencias bancarias que fueron cobrados incorrectamente como retiros en efectivo. Estos cargos indebidos suman a la cantidad de $68,294.48. Véase Exhibit 3. Al igual que los cargos antes descritos, Blue Ocean pagó erróneamente e involuntariamente por estos cargos ya que fueron retirados automáticamente por Golden Eagle de la cuenta de Blue Ocean.

22. Aun suponiendo que las transferencias bancarias se pueden considerar como retiros en efectivo (lo que se niega), de acuerdo al contrato entre Golden Eagle y Blue Ocean, los retiros en efectivo en dólares americanos no conllevan el cobro de cargos. Además, los cargos cobrados por Golden Eagle no fueron facturados correctamente por Golden Eagle ni fueron divulgados en la Parte 2A de su Formulario ADV, según requerido por el IAA. Específicamente,

el IAA requiere que los asesores de inversiones divulguen todos sus cargos por servicios ("fee schedule", según el término en inglés) en dicho formulario, el cual debe ser provisto a todos sus clientes.

## III. CAUSAS DE ACCIÓN

### Primera Causa de Acción - Incumplimiento de contrato

23. Se incorporan y hacen formar parte las alegaciones en los párrafos anteriores.

24. Las actuaciones de Golden Eagle, según discutidas anteriormente, representan un claro incumplimiento del acuerdo contractual entre Golden Eagle y Blue Ocean. En particular, Golden Eagle violó el acuerdo contractual con Blue Ocean al hacer una serie de cobros indebidos que no estaban contemplados en el acuerdo contractual entre Golden Eagle y Blue Ocean.

25. Además de incumplir con el acuerdo contractual con Blue Ocean, las actuaciones de Golden Eagle fueron tomadas con mala fe y dolo.

26. El Artículo 1060 del Código Civil de Puerto Rico, 31 L.P.R.A. § 3024, dispone que una parte de un contrato tendrá derecho a solicitar los daños, previsibles e imprevisibles, que haya sufrido como consecuencia del incumplimiento doloso de la otra parte al contrato. Además el Artículo 1077 del Código Civil de Puerto Rico, 31 L.P.R.A. § 3052, dispone que en las obligaciones recíprocas la parte afectada por un incumplimiento puede solicitar el cumplimiento específico de la obligación y daños.

27. Blue Ocean solicita que este Honorable Tribunal ordene a Golden Eagle a pagar a Blue Ocean por los cargos indebidos en violación al acuerdo contractual entre Golden Eagle y Blue Ocean, que suman a una cantidad no menor de $169,482.92, más daños por dicho incumplimiento, cuantificados en una cantidad no menor de $250,000.00.

**Segunda Causa de Acción - Cobro de Dinero y Pago de lo Indebido**

28. Se incorporan y hacen formar parte las alegaciones en los párrafos anteriores.

29. El Art. 1795 del Código Civil de Puerto Rico codifica la figura del cobro de lo indebido al disponer que "[c]uando se recibe alguna cosa que no había derecho a cobrar, y que por error ha sido indebidamente entregada, surge la obligación de restituirla". 31 L.P.R.A. § 5121.

30. Para que se configure la doctrina del cobro de lo indebido es necesaria la concurrencia de tres requisitos: (1) que se produzca un pago con la intención de extinguir una obligación; (2) que el pago realizado no tenga una justa causa, es decir, que no exista obligación jurídica entre el que paga y el que cobra, o si la obligación existe, que sea por una cuantía menor a la pagada; y (3) que el pago haya sido hecho por error y no por mera liberalidad o por cualquier otro concepto. E.L.A. v. Crespo Torres, 180 D.P.R. 776, 793-794 (2011), citando a, Sepúlveda v. Depto. de Salud, 145 D.P.R. 560, 566 (1998).

31. Golden Eagle le cobró indebidamente a Blue Ocean una serie de cargos entre el 1 de mayo de 2017 y el 8 de agosto de 2018 mientras los activos de Blue Ocean estaban congelados. Estos cargos indebidos suman a la cantidad de $55,207.00. Véase Exhibit 1.

32. Golden Eagle le cobró indebidamente a Blue Ocean los cargos anuales relacionados al periodo entre, a más tardar, el 1 de mayo de 2017 y el 31 de diciembre de 2018. Estos cargos indebidos suman, como mínimo, a la cantidad de $45,981.44. Véase Exhibit 2.

33. Golden Eagle le cobró indebidamente a Blue Ocean una serie de cargos por transferencias bancarias que fueron cobrados incorrectamente como retiros en efectivo. Estos cargos indebidos suman a la cantidad de $68,294.48. Véase Exhibit 3.

34. Blue Ocean pagó erróneamente e involuntariamente por estos cargos ya que fueron retirados automáticamente por Golden Eagle de la cuenta de Blue Ocean.

35. Las cantidades antes desglosadas son líquidas, vencidas y exigibles y se reclaman de conformidad con las disposiciones contractuales pactadas y el derecho aplicable. De manera que Golden Eagle debe devolver a Blue Ocean, como mínimo, las cantidades antes desglosadas, que suman a la cantidad de $169,482.92, más intereses, costas y honorarios de abogados.

**Tercera Causa de Acción - Incumplimiento de deber fiduciario y negligencia**

36. Se incorporan y hacen formar parte las alegaciones en los párrafos anteriores.

37. De acuerdo a la Sección 206 del IAA, un asesor de inversiones es considerado un fiduciario, por lo que tiene un deber de lealtad y buena fe hacia sus clientes y el deber de tomar el cuidado razonable para evitar inducir a sus clientes a error. Como fiduciario de sus clientes, un asesor de inversiones está prohibido de actuar en cualquier manera que cree un conflicto con los mejores intereses de sus clientes sin su consentimiento previo y no puede utilizar los activos de sus clientes para su propio beneficio. Asimismo, debe tomar el cuidado razonable para evitar inducir a sus clientes a error y tiene que proveer toda la información sobre hechos materiales a sus clientes y sus prospectos clientes. Véase 15 U.S.C. § 80b-6; Sec. & Exch. Comm'n v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 194 (1963).[1]

38. Golden Eagle como asesor de inversiones, tenía un deber fiduciario hacia su cliente, Blue Ocean.

39. Golden Eagle incumplió con tal deber al incurrir en la conducta negligente detallada anteriormente, incluyendo: (i) no

[1] Véase también General Information on the Regulation of Investment Advisors, Division of Investment Management of the SEC, con fecha de 11 de marzo de 2011, https://www.sec.gov/divisions/investment/iaregulation/memoia.htm.

proveer a Blue Ocean toda la información relevante sobre hechos materiales relacionados a su cuenta con el custodio cualificado, incluyendo copia de sus estados de cuenta; (ii) rehusarse a proveer las comunicaciones entre Blue Ocean y el custodio cualificado relacionadas a la cuenta de Blue Ocean, incluyendo comunicaciones sobre las supuestas solicitudes del custodio cualificado requiriendo cierta información adicional para ejecutar las transacciones solicitas por Blue Ocean; (iii) congelar los activos de Blue Ocean sin razón que proceda en derecho; (iv) rehusarse a descongelar los activos de Blue Ocean o devolverle los activos a Blue Ocean por más de un año; (v) hacer una serie de cobros indebidos a Blue Ocean en contra de las disposiciones contractuales pactadas y el derecho aplicable; (vi) facturar incorrectamente los cargos cobrados indebidamente a Blue Ocean; (vii) no divulgar adecuadamente todas sus cargos por servicio la Parte 2A de su Formulario ADV, según requerido por el IAA.

40. Por motivo de la conducta negligente de Golden Eagle y su incumplimiento de su deber fiduciario hacia Blue Ocean, dicha entidad ha sufrido daños cuantificables que ascienden sobre la cantidad de $250,000.

## IV. SÚPLICA

En vista de todo lo anterior, Blue Ocean respetuosamente solicita que este Honorable Tribunal declare con lugar la presente demanda y, como consecuencia, ordene a Golden Eagle a pagarle a Blue Ocean una cantidad no menor de $169,482.92, por los cargos cobrados indebidamente, así como daños cuantificados en una cantidad no menor de $250,000.00 por, respectivamente, incumplimiento de contrato, incumplimiento de deber fiduciario y negligencia, más el pago de honorarios de abogado, intereses y costas.

**POR TODO LO CUAL,** Blue Ocean solicita muy respetuosamente de este Tribunal que declare con lugar esta Demanda y dicte los

remedios antes solicitados, los cuales se incorporan por referencia.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 30 de noviembre de 2018.

**PIETRANTONI MENDEZ & ALVAREZ LLC**
Popular Center, Piso 19
208 Ave. Ponce de León
San Juan, Puerto Rico 00918
Teléfono: (787)274-1212
Facsímil: (787)274-1470

s/ORESTE R. RAMOS
Oreste R. Ramos
TSPR Núm. 12,703
oramos@pmalaw.com

s/FRANCES R. PESQUERA
Frances R. Pesquera
TSPR Núm. 19,315
fpesquera@pmalaw.com

EXHIBIT 1

| FECHA | CANTIDAD |
|---|---|
| 01/03/17 | ($254.79) |
| 01/03/17 | ($273.62) |
| 01/03/17 | ($28.57) |
| 01/03/17 | ($1,089.55) |
| 20/03/17 | ($10.00) |
| 29/03/17 | ($10.00) |
| 31/03/17 | ($46.34) |
| 31/03/17 | ($41.03) |
| 31/03/17 | ($4.76) |
| 31/03/17 | ($217.84) |
| 03/04/17 | ($1,137.82) |
| 03/04/17 | ($931.37) |
| 03/04/17 | ($109.24) |
| 03/04/17 | ($5,139.58) |
| 07/04/17 | ($273.46) |
| 10/04/17 | ($10.00) |
| 13/04/17 | ($50.00) |
| 21/04/17 | ($10.00) |
| 24/04/17 | ($9.12) |
| 24/04/17 | ($743.95) |
| 25/04/17 | ($10.00) |
| 01/05/17 | ($979.61) |
| 01/05/17 | ($825.06) |
| 01/05/17 | ($89.98) |
| 01/05/17 | ($3,933.59) |
| 19/05/17 | ($800.26) |
| 19/05/17 | ($10.00) |
| 22/05/17 | ($9.12) |
| 30/05/17 | ($11.00) |
| 01/06/17 | ($1,086.81) |
| 01/06/17 | ($2,140.42) |
| 01/06/17 | ($9.12) |
| 01/06/17 | ($104.19) |
| 01/06/17 | ($3,737.13) |
| 01/06/17 | ($10.00) |
| 03/07/17 | ($80.66) |
| 03/07/17 | ($1,217.01) |
| 03/07/17 | ($141.93) |
| 03/07/17 | ($3,114.11) |
| 14/07/17 | ($228.22) |
| 19/07/17 | ($66.35) |
| 20/07/17 | ($88.17) |
| 21/07/17 | ($253.10) |
| 27/07/17 | ($240.56) |
| 28/07/17 | ($222.65) |
| 01/08/17 | ($146.62) |
| 01/08/17 | ($129.02) |
| 01/08/17 | ($2,792.44) |
| 01/09/17 | ($247.51) |
| 01/09/17 | ($148.58) |
| 01/09/17 | ($3,126.20) |
| 02/10/17 | ($218.09) |

| FECHA | CANTIDAD |
|---|---|
| 02/10/17 | ($115.83) |
| 02/10/17 | ($2,712.88) |
| 09/10/17 | ($246.68) |
| 17/10/17 | ($218.96) |
| 01/11/17 | ($239.67) |
| 01/11/17 | ($41.96) |
| 01/11/17 | ($2,982.14) |
| 01/12/17 | ($289.67) |
| 01/12/17 | ($40.05) |
| 01/12/17 | ($2,804.44) |
| 18/12/17 | ($95.76) |
| 27/12/17 | $2,651.17 |
| 02/01/18 | ($250.34) |
| 02/01/18 | ($38.17) |
| 02/01/18 | ($2,664.34) |
| 10/01/18 | ($97.44) |
| 10/01/18 | ($95.02) |
| 10/01/18 | ($94.72) |
| 10/01/18 | ($100.00) |
| 01/02/18 | ($511.79) |
| 01/02/18 | ($40.32) |
| 01/02/18 | ($2,551.66) |
| 09/02/18 | ($183.71) |
| 12/02/18 | ($140.79) |
| 12/02/18 | ($139.50) |
| 12/02/18 | ($138.61) |
| 12/02/18 | ($150.00) |
| 01/03/18 | ($41.05) |
| 01/03/18 | ($2,428.98) |
| 21/03/18 | ($141.60) |
| 02/04/18 | ($563.39) |
| 03/04/18 | ($11.00) |
| 01/05/18 | ($198.75) |
| 01/06/18 | ($184.87) |
| 02/07/18 | ($168.47) |
| 01/08/18 | ($0.03) |
| 01/08/18 | ($167.02) |
| 20/08/2018 | ($110.00) |
| 20/08/2018 | ($250.00) |
| **TOTAL=** | **($55,207.00)** |

**EXHIBIT 2**

| FECHA | CANTIDAD |
|---|---|
| 01/03/2017 | ($299.00) |
| 31/03/2017 | ($42.73) |
| 03/04/2017 | ($973.79) |
| 01/05/2017 | ($802.57) |
| 01/06/2017 | ($901.85) |
| 03/07/2017 | ($886.19) |
| 01/08/2017 | ($785.44) |
| 01/09/2017 | ($880.37) |
| 02/10/2017 | ($759.35) |
| 01/11/2017 | ($846.01) |
| 01/12/2017 | ($809.98) |
| 02/01/2018 | ($764.67) |
| 01/02/2018 | ($779.94) |
| 03/07/2018 | ($14,116.58) |
| 20/08/2018 | ($22,332.98) |
| **TOTAL=** | **($45,981.44)** |

**EXHIBIT 3**

| FECHA | CANTIDAD |
|---|---|
| 21/02/2017 | ($5,700.00) |
| 14/03/2017 | ($4,529.90) |
| 16/03/2017 | ($5,000.00) |
| 16/03/2017 | ($5,760.00) |
| 16/03/2017 | ($5,000.00) |
| 21/06/2017 | ($18,240.00) |
| 26/02/2018 | ($11,799.06) |
| 28/02/2018 | ($5,688.08) |
| 20/08/2018 | ($6,190.17) |
| 20/08/2018 | ($387.28) |
| **TOTAL=** | **($68,294.48)** |